PRYOR & MANDELUP, L.L.P.
J. Logan Rappaport, Esq.
675 Old Country Road
Westbury, New York 11590
(516) 997-0999
lr@pryormandelup.com
11-3261335

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

*In re:*

MAK OPTICAL OF NEW YORK, INC.

               Debtor.

--------------------------------------------------------X

Chapter 11
Case No.:

## AFFIDAVIT PURSUANT TO E.D.N.Y. LBR 1007-4

STATE OF NEW YORK    )
                             )ss.:
COUNTY OF NASSAU     )

I, Wayne Kelly, being duly sworn, deposes and says:

1.      I am the Secretary of MAK Optical of New York, Inc., the debtor and debtor-in-possession herein ("Debtor").

2.      I submit this affidavit in conjunction with the filing of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.      Pursuant to Rule 1007-4 of the Local Bankruptcy Rules of the Eastern District of New York, I state as follows:

(i)      The Debtor is a small business debtor within the meaning of Bankruptcy Code § 101(51D).

(ii)      The Debtor is a New York corporation conducting business in the field of optometry and retail optical sales.  The Debtor was compelled to seek Chapter 11 relief as a result of a number of significant loans given by Debtor's principal to Grace Kay that were meant to be short-term and repaid upon her sale of certain properties located in Japan, and

1

which culminated in the November 2014 short-term secured loan in the amount of $780,000.00 from Summit Processing Inc. d/b/a Summit Capital Partners ("Summit") to KLM and an obligation by KLM to pay a finder's fee of $220,000.00 to Summit's principal, Ralph DePinto, all of which Debtor and MAK guaranteed and was cross-collateralized in their own assets, and which was to be repaid by Grace Kay upon the sale of her alleged real properties in Japan. However, such sale never transpired and KLM was compelled to take out a loan from AMEX secured in its credit card receivables. AMEX has been drawing down the credit card receivables of KLM, sometimes up to 100% per day, which has significantly constrained KLM's ability to operate profitably as it normally would, which has indirectly affected Kelly and MAK's own abilities to pay all of their debts as they become due.

(iii)    Not applicable.

(iv)    No committee was organized prior to the order for relief in this Chapter 11 case.

(v)    A list of the Twenty Largest Unsecured Creditors, excluding insiders, is attached to the Petition.

(vi)    The Debtor's five largest secured claims are as follows: (i) Citibank, N.A., 6801 Colwell Blvd, Irving, TX 75039, $256,660, collateral- all personal property of the Debtor, value unknown; (ii) Ralph DePinto, 10 Harbor Park Drive, Port Washington, New York, $220,000, collateral-credit card receivables, value unknown, disputed (no UCC financing statement filed); (iii) Summit Processing, Inc. d/b/a Summit Capital Partners, 10 Harbor Park Drive, Port Washington, New York, $130,000, collateral-credit card receivables, value unknown; and (iv) Stearns Bank, 500 13th Street, Albany, Minnesota 56307, $14,616, collateral-

imaging system, retinal camera, lamps, tonometer, refractometers, etc., value unknown.

(vii)    The Debtor's assets primarily consist of accounts receivable, bank accounts, inventory, machinery and equipment totaling approximately $87,127, as well as rights under a Pearle Vision franchise agreement.  The Debtor possesses unsecured debts aggregating approximately $13,275.29.

(viii)   There exists class stock held as follows:
a)        Wayne Kelly - 75%
b)        Glen Smith - 25%

(ix)     None.

(x)      The Debtor operates out of its leased premises located at 61-35 Junction Boulevard, Rego Park, New York.

(xi)     The Debtor's fixed assets are all located at 61-35 Junction Blvd, Rego Park, New York and Debtor's books and records are located at 1085 Northern Blvd, Roslyn, New York.

(xii)    No actions or proceedings pending or threatened against Debtor or its property.

(xiii)   The senior management of the Debtor consists of the following: Glen Smith, President, and Wayne Kelly, Secretary.

(xiv)    The Debtor's estimated payroll for the thirty (30) day period following the filing of the Chapter 11 Petition, exclusive of owners, is approximately $23,815.

(xv)(A)The amount proposed to be paid for services for the 30 day period following the filing of the Chapter 11 petition for officers, directors and senior management is approximately $4,000.

(xv)(B)          Not applicable.

(xv)(C)          Not applicable.

(xvi)   A schedule for the thirty (30) day period following the filing of the Chapter 11 petition of estimated cash receipts and disbursements, together with an accounts receivables aging report have been annexed hereto as Exhibit "A".

(xvii)  Not applicable.


By:     _/s/Wayne Kelly_____
        Wayne Kelly, President


Sworn to before me this
15th day of May, 2015


_/s/Michael Anthony Farina_____
Notary Public
Michael A. Farina
Notary Public - State of New York
No.:   02FA4991473
Commissioned in Queens County
Commission Expires: February 3, 2018